# STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement ("Agreement") is entered into as of _February 14_, 20_14_ by and between TunStall Communications, Inc., a Tennessee Corporation (the "Company") and Blake Mathias ("Purchaser"). Purchaser and Company may collectively be referred to as the "Parties."

**WHEREAS**, the Company has duly authorized the issuance and sale to the Purchaser of an aggregate of four hundred thousand shares of capital stock of the Company; and

**WHEREAS**, the Parties desire to enter into this Agreement pursuant to which Purchaser will purchase from the Company shares of capital stock of the Company.

**NOW, THEREFORE**, in consideration for the promises set forth in this Agreement, the Parties agree as follows:

1. **PURCHASE AND SALE:** Subject to the terms and conditions set forth in this Agreement, Purchaser hereby agrees to purchase from the Company, and Company hereby agrees to sell, transfer and convey to the Purchaser four hundred thousand (400,000) shares of common stock of the Company (the "Stock").

2. **PURCHASE PRICE:** The purchase price for each share of Stock shall be two dollars and fifty cents ($2.50) for an aggregate purchase price of one million dollars ($1,000,000.00) (the "Purchase Price"), to be paid to the Company via wire transfer or check according to the following schedule:

    a. On or before March 1, 2014: $500,000;
    b. On or before July 1, 2014: $250,000; and
    c. On or before October 1, 2014: $250,000.

3. **NO CLOSING REQUIRED:** The first payment of the Purchase Price shall be initiated as soon as practicable after the execution of this Agreement. The certificates representing the Stock shall be duly issued by the Company as soon as practicable after the execution of this Agreement and such certificates shall be delivered to Purchaser as soon as practicable after such issuance.

4. **REPRESENTATIONS AND WARRANTIES OF COMPANY:** Company hereby warrants and represents that:



1

(a) **Restrictions on Stock.** The Company is not a party to any agreements that create rights or obligations in the Stock relating to any third party including voting or stockholder agreements. The Company is the lawful owner of the Stock, free and clear of any encumbrances, security interests or liens of any kind and has full power and authority to sell and issue or transfer the Stock as contemplated in this Agreement.

(b) **Organization and Standing.** The Company is duly organized, validly existing and in good standing under the laws of the State of Tennessee and has full power and authority to own and operate its property and assets and to carry on its business as presently conducted.

5. **SEVERABILITY:** If any part or parts of this Agreement shall be held unenforceable for any reason, the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

6. **BINDING EFFECT:** The covenants and conditions contained in this Agreement shall apply to and bind the parties and the heirs, legal representatives, successors and permitted assigns of the Parties.

7. **BROKER'S FEES:** The Parties represent that there has been no act in connection with the transactions contemplated in this Agreement that would give rise to a valid claim against either party for a broker's fee, finder's fee or other similar payment.

8. **ENTIRE AGREEMENT:** This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement. This Agreement may be modified in writing and must be signed by both the Company and Purchaser.

9. **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee.

10. **NOTICE:** Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified return receipt requested, postage prepaid, or delivered by overnight delivery service:

(a) If to Purchaser:
   Blake Mathias
   840 Wood Harbour Rd.
   Knoxville, TN 37934

(b) If to Company:
   TunStall Communications, Inc.
   723 Whispering Hills Ln.
   Knoxville, TN 37934

11. **WAIVER:** The failure of either party to enforce any provisions of this Agreement shall not be deemed a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first above written.

PURCHASER:
_____
Blake Mathias

COMPANY:
_____
Matthew Tunstall, Chief Executive Officer
TunStall Communications, Inc.

3